UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADELPHIA AGIOS DEMETRIOS, LLC,<br>    Plaintiff<br><br>v.<br><br>ARISTA DEVELOPMENT, LLC<br>    and<br>GREGORY BOTSIVALES<br>    and<br>HARRY BOTSIVALES<br>    and<br>SCOTT WEYMOUTH<br>    Defendants | Civil Action No. 1:12-CV-10486-RWZ |

**PLAINTIFF'S MOTION TO RECONSIDER
MEMORANDUM OF DECISION DATED MARCH 12, 2013**

*NOW COMES* the Plaintiff, Adelphia Agios Demetrios, LLC, by and through its counsel, Shaines & McEachern, P.A., and respectfully moves this Court to reconsider Part III.A of its Memorandum of Decision dated March 12, 2013, insofar as it dismissed Adelphia's claims against Defendant Gregory Botsivales under Mass. Gen. Laws ch. 93A. In support of its Motion, the Plaintiff states as follows:

1. In its March 12, 2013 Memorandum of Decision, ECF no. 23-0 (hereinafter "Order"), the Court held "Finally, as to the chapter 93A claims, the facts alleged fail to raise any plausible inference that Gregory Botsivales was acting on his own behalf rather than as an agent for Arista in blackballing Adelphia (or in the other misconduct alleged)."

2. The Court's holding quoted in Paragraph 1 above involves a different legal issue than those argued by the parties. The defendants, in Part I of their Memorandum in Support of their Motion to Dismiss the First Amended Complaint, ECF No. 10-0, argued that the individual

defendants are not liable for Adelphia's claims of fraud, misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing.  The defendants only addressed Adelphia's Chapter 93A claim in Part III of that Memorandum: the sole argument the Defendants made concerning Adelphia's Chapter 93A claims against Arista and Gregory Botsivales was that the claim was untimely filed under the applicable statute of limitations.  Id. at Part III.  This Memorandum addresses and asks for reconsideration of the legal issue raised by the Court in its Order: whether a corporate officer can be held liable for Chapter 93A violations.

3. Massachusetts law holds that "corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions." Cmty. Builders, Inc. v. Indian Motocycle Associates, Inc., 44 Mass. App. Ct. 537, 560, 692 N.E.2d 964, 979 (1998) (citing Nader v. Citron, 372 Mass. 96, 102-103, 360 N.E.2d 870 (1977); Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass.App.Ct. 545, 551, 649 N.E.2d 791 (1995)).

4. Adelphia's First Amended Complaint alleges that Gregory Botsivales acted as a corporate officer of Defendant Arista.  Pl.'s First Amend. Compl. at ¶ 13 (alleging Gregory Botsivales signed 2004 contract as "Manager" and representative of Arista), ¶ 18 (alleging Gregory Botsivales signed 2006 contract as "Manager of Arista Development, LLC.").

5. The Court did not dismiss the Chapter 93A claim against Defendant Arista.

6. Since Adelphia alleged that Gregory Botsivales acted as a corporate officer of Arista, and since Adelphia alleged that Gregory Botsivales and Arista committed acts in violation of Mass. Gen. Laws. ch. 93A, this Court should hold that Botsivales is individually liable for the Chapter 93A claims pursuant to the laws established by, *inter alia*, Cmty. Builders, Inc., 44 Mass. App. Ct. 537, 560 (1998).

7. In further support of this Motion, Plaintiff relies on the accompanying Memorandum of Law.

**WHEREFORE** the Plaintiff respectfully requests that this Court:

A. Grant this Motion to Reconsider;

B. Deny the Defendants' Motion to Dismiss the Chapter 93A claim against Gregory Botsivales in his individual capacity; and

C. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

ADELPHIA AGIOS DEMETRIOS, LLC

By its attorneys,
Shaines & McEachern, PA

Dated:   March 20, 2013      By: */s/ Robert A. Shaines*
Robert A. Shaines, Esq. (BBO# 453100)
Jacob J.B. Marvelley, Esq. (BBO# 683223)
282 Corporate Drive, #2
Portsmouth, NH 03801
(603) 436-3110
rshaines@shaines.com

## Local Rule 7.1 Certificate

I certify that on March 20, 2013, I conferred with opposing counsel in a good faith attempt to resolve this motion.

Dated:   March 20, 2013      By: */s/ Jacob J.B. Marvelley*
Jacob J.B. Marvelley, Esq. (BBO# 683223)

## Certificate of Service

I hereby certify that a copy of the foregoing Plaintiff's Motion to Reconsider Memorandum of Decision Dated March 12, 2013, filed through the ECF system, will be electronically served to: Julie Pruitt Barry, Esq. and Darah L. Schofield, Esq.

Dated:   March 20, 2013      By: */s/ Robert A. Shaines*
Robert A. Shaines, Esq. (BBO# 453100)