UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADELPHIA AGIOS DEMETRIOS, LLC,<br>    Plaintiff<br><br>v.<br><br>ARISTA DEVELOPMENT, LLC<br>    and<br>GREGORY BOTSIVALES<br>    and<br>HARRY BOTSIVALES<br>    and<br>SCOTT WEYMOUTH<br>    Defendants | Civil Action No. 1:12-CV-10486-RWZ |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO RECONSIDER MEMORANDUM OF DECISION DATED MARCH 12, 2013**

*NOW COMES* the Plaintiff, Adelphia Agios Demetrios, LLC, by and through its counsel, Shaines & McEachern, P.A., and respectfully submits this Memorandum of Law in Support of its Motion to Reconsider Memorandum of Decision Dated Mar. 12, 2013. In support of its Motion, the Plaintiff states as follows:

**I.   INTRODUCTION.**

The 'individual Defendants,' Gregory Botsivales, Harry Botsivales, and Scott Weymouth, filed a Motion to Dismiss Adelphia's First Amended Complaint, ECF No. 9-0, and a Memorandum in Support thereof, ECF No. 10-0. In Part I of that Memorandum, the Defendants argued that the individual defendants are not liable for Adelphia's claims of fraud, misrepresentation, breach of contract, and breach of the implied covenant of good faith and fair dealing. The defendants only addressed Adelphia's Chapter 93A claim in Part III of that Memorandum: the sole argument the Defendants made concerning Adelphia's Chapter 93A

1

claims against Arista and Gregory Botsivales was that the claim was untimely filed under the applicable statute of limitations.  Defs.' Mem. in Supp. of Mot. to Dismiss at Part III, ECF No. 10-0.  Adelphia objected to the defendants' Motion to Dismiss, countering the statute of limitations argument the defendants raised.  See Pl.'s Mem. in Supp. of Obj. to Mot. to Dismiss, ECF No. 15-0.

The Court held, in its Memorandum of Decision dated March 12, 2013, that "Finally, as to the chapter 93A claims, the facts alleged fail to raise any plausible inference that Gregory Botsivales was acting on his own behalf rather than as an agent for Arista in blackballing Adelphia (or in the other misconduct alleged)."  Mem. of Decision, ECF No. 23-0 (hereinafter "Order").  That legal issue—whether a corporate officer can be held liable under Chapter 93A violations—was not argued by the Defendants and thus was not counter-argued by Adelphia.

In response to the Court's March 12th Order, Adelphia now respectfully brings this Motion for Reconsideration of the issue of whether a corporate officer can be held liable for Chapter 93A violations.

## II.   STANDARD OF REVIEW.

Motions to reconsider are appropriate in cases where "[] the moving party presents newly discovered evidence, [] there has been an intervening change in the law, or [] the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." Max-Planck-Gesellschaft Zur Forderung Der Wissenschaften E.V. v. Whitehead Inst. for Biomedical Research, CIV.A.09-11116-PBS, 2010 WL 2037103 (D. Mass. May 20, 2010) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir.2009)) (bracketed omissions added).

Adelphia brings this Motion for Reconsideration on the basis of a manifest error of law.  It is respectfully submitted that the Court's holding conflicts with existing Massachusetts law.

See Cmty. Builders, Inc. v. Indian Motocycle Associates, Inc., 44 Mass. App. Ct. 537, 560, 692 N.E.2d 964, 979 (1998) (citing Nader v. Citron, 372 Mass. 96, 102-103, 360 N.E.2d 870 (1977); Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass.App.Ct. 545, 551, 649 N.E.2d 791 (1995)).

### III. UNDER MASSACHUSETTS LAW, CORPORATE OFFICERS MAY BE HELD LIABLE FOR CLAIMS UNDER MASS. GEN. LAWS CH. 93A.

Massachusetts law holds that "corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions." Cmty. Builders, Inc. v. Indian Motocycle Associates, Inc., 44 Mass. App. Ct. 537, 560, 692 N.E.2d 964, 979 (1998) (citing Nader v. Citron, 372 Mass. 96, 102-103, 360 N.E.2d 870 (1977); Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass.App.Ct. 545, 551, 649 N.E.2d 791 (1995)).

In Cmty. Builders Inc., a company brought suit against Indian Motocycle (sic) Associates, Inc., Merwin Rubin and H. Joel Rahn, who were "the sole principals and shareholders of Indian Motocycle Associates, Inc." 44 Mass. App. Ct. 537, 561, 692 N.E.2d 964 (1998). The plaintiff rendered development consultancy services. 44 Mass. App. Ct. at 539, 692 N.E.2d at 967. Rubin, a principal of the defendant corporation, strung along the plaintiff by repeatedly promising that the Indian Motocycle Associates, Inc. would adhere to payment schedules, then not paying for consulting services. 44 Mass. App. Ct. at 559, 692 N.E.2d at 978. The Appeals Court of Massachusetts upheld the trial court's ruling that Rubin was liable for his acts in violation of Chapter 93A. 44 Mass. App. Ct. at 560, 692 N.E.2d at 979.

Similarly, in Nader v. Citron, corporate officers argued that the corporation was potentially liable under Chapter 93A, not the individuals. Generally, the corporate officers sought to evade individual liability and to shift responsibility to the corporation. Nader v. Citron, 372 Mass. 96, 103, 360 N.E.2d 870, 875 (1977) abrogated by Iannacchino v. Ford Motor Co.,

451 Mass. 623, 888 N.E.2d 879 (2008).[1]  The Nader Court looked to Mass. Gen. Laws. ch. 93A, § 2(b), which instructs that Federal court decisions concerning the Federal Trade Commission Act (hereinafter "FTCA") shall guide courts in construing Mass. Gen. Laws. ch. 93A.  Id.  The Nader Court noted that "Federal Trade Commission orders binding corporate officials have been upheld, particularly where the individual operated or controlled the corporation, and had knowledge of unlawful acts."  372 Mass. at 103, 360 N.E.2d at 875.  The Nader Court held that the corporate individuals could be held liable under Chapter 93A as individuals and as corporate officers.  Id.

The facts alleged by Adelphia fall within the parameters for individual and corporate liability under Chapter 93A.  As in Cmty Builders Inc. and Nader, even if Gregory Botsivales acted as a corporate officer—or "Manager"—he committed acts in violation of Chapter 93A.  Adelphia's First Amended Complaint alleges that Gregory Botsivales was a corporate officer of Defendant Arista.  Pl.'s First Amend. Compl. at ¶ 13 (alleging Gregory Botsivales signed 2004 contract as "'Manager' and representative of Arista), ¶ 18 (alleging Gregory Botsivales signed 2006 contract as "Manager of Arista Development, LLC.").  The Court denied Defendant Arista's Motion to Dismiss Adelphia's claim against Arista under Chapter 93A, which means that Adelphia met the pleading requirements on that claim.  See Order at 10-11.  Therefore, since the claim was properly pleaded and Massachusetts law holds that corporate officers can be held individually liable under Chapter 93A, this Court should reconsider its Order and hold that Adelphia's Chapter 93A claim against Gregory Botsivales was properly pled.

---

[1] Iannacchino abrogated Nader on other grounds.  In Iannacchino, the Massachusetts Supreme Judicial Court abrogated Nader's standard for dismissal for failure to state a claim.  451 Mass. at 636, 888 N.E.2d at 890.

## IV.      CONCLUSION

The Court should reconsider its Order dismissing Adelphia's Chapter 93A claim against Gregory Botsivales because, under Massachusetts law, corporate officers can be held liable under Chapter 93A.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | ADELPHIA AGIOS DEMETRIOS, LLC |
|  | By its attorneys, Shaines & McEachern, PA |
| Dated:   March 20, 2013 | By: /s/ Robert A. Shaines Robert A. Shaines, Esq. (BBO# 453100) Jacob J.B. Marvelley, Esq. (BBO# 683223) 282 Corporate Drive, #2 Portsmouth, NH 03801 (603) 436-3110 rshaines@shaines.com jmarvelley@shaines.com |

### Certificate of Service

I hereby certify that a copy of the foregoing Plaintiff's Memorandum of Law in Support of Its Motion to Reconsider Memorandum of Decision Dated March 12, 2013, filed through the ECF system, will be electronically served to:  Julie Pruitt Barry, Esq. and Darah L. Schofield, Esq.

Dated:   March 20, 2013                             By: /s/ Robert A. Shaines
                                                                        Robert A. Shaines, Esq. (BBO# 453100)