UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADELPHIA AGIOS DEMETRIOS, LLC,<br><br>　　Plaintiff<br><br>　　v.<br><br>ARISTA DEVELOPMENT, LLC, ET AL,<br><br>　　Defendants | Case No. 1:12-CV-10486-RWZ |

**DEFENDANTS ARISTA DEVELOPMENT, LLC AND
GREGORY BOTISVALES' OPPOSITION TO
PLAINTIFF'S MOTION TO RECONSIDER**

Plaintiffs Motion to Reconsider the Memorandum of Decision dated March 12, 2013 (Docket No. 25) should be denied because this Court's decision has correctly determined that "as to the chapter 93A claims, the facts alleged fail to raise any plausible inference that Gregory Botsivales was acting on his own behalf rather than as an agent for Arista in blackballing Adelphia (or in the other misconduct alleged)." Plaintiff points to no new facts or legal basis for this Court to reconsider and reverse its decision.

　　To make out a claim under G.L. c. 93A, the plaintiff must demonstrate that it suffered a loss of money while engaged in the conduct of trade or commerce as a result of the defendant's use or employment of an unfair method of competition or unfair or deceptive act or practice. G.L. c. 93A, § 11.  The reach of Chapter 93A, §11 does not extend to corporate officers absent a showing by the plaintiff of facts to demonstrate personal participation in the conduct invoking the sanctions.  See Cmty. Builders, Inc. v. Indian Motocylce Associates, Inc., 44 Mass. App. Ct. 537 (1998) (holding corporate officers individually liable based their engagement in a pattern of unfair and coercive conduct).

Plaintiff's 93A claim against Gregory Botsivales was properly dismissed because the complaint does not allege any facts to show that he personally participated in any conduct upon which 93A sanctions may be invoked against Arista. Even taking plaintiff's claim in ¶ 92 of the Amended Complaint as true that Mr. Botsivales purportedly stated he would "blackball" plaintiff, that statement is insufficient in and of itself to make out a claim under 93A against Mr. Botsivales individually. Without any facts to show that Mr. Botsivales is somehow liable under 93A, this Court's decision to that against Mr. Botsivales should stand.

The motion to reconsider should be denied.

ARISTA DEVELOPMENT, LLC
By its attorneys

/s/ Darah L. Schofield
Julie Pruitt Barry (BBO #563018)
jpbarry@nutter.com
Darah L. Schofield (BBO# 663219)
dschofield@nutter.com
Nutter, McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone:   (617) 439-2000
Facsimile:   (617) 310-9000

Dated: March 29, 2013

### CERTIFICATE OF SERVICE

I, Darah L. Schofield, certify that on April 1, 2013, the above Defendants Arista Development LLC and Gregory Botsivales' Opposition to Plaintiff's Motion for Reconsideration (filed through the ECF System) was served electronically on all counsel of record through the Notice of Electronic Filing.

/s/ Darah L. Schofield