UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10486-RWZ

ADELPHIA AGIOS DEMETRIOS, LLC

v.

ARISTA DEVELOPMENT, LLC *et al.*

MEMORANDUM OF DECISION

April 16, 2013

ZOBEL, D.J.

This court issued an order on March 12, 2013, dismissing all claims against the individual defendants and part of one claim against Arista Development, LLC ("Arista"). Plaintiff Adelphia Agios Demetrios, LLC ("Adelphia") now moves for reconsideration as to its claim against Gregory Botsivales ("Botsivales") under Mass. Gen. Laws ch. 93A.

Reconsideration is an extraordinary remedy that should rarely be granted. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). To obtain relief on a motion for reconsideration, the moving party must present newly discovered evidence, an intervening change in the law, or a manifest error of law in the court's decision. United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).

Here, Adelphia has shown a manifest error of law in the court's previous decision. The dismissal of Adelphia's chapter 93A claim against Botsivales rested on the mistaken conclusion that Botsivales could not be held personally liable under chapter 93A for actions that he took solely as an agent for Arista. But as Adelphia now

points out, Massachusetts law squarely holds that "corporate officers may be held liable under c. 93A for their personal participation in conduct invoking its sanctions." Cmty. Builders v. Indian Motocycle Assocs., 692 N.E.2d 964, 979 (Mass. App. Ct. 1998); see also Alves v. Daly, Civil Action No. 12-10935-MLW, 2013 WL 1330010, at *7-8 (D. Mass. Mar. 29, 2013). The court's decision on this point therefore rested on a manifest error of law.

Botsivales does not deny that chapter 93A creates personal liability against individuals who act on behalf of a corporation. Instead, he argues that Adelphia has not alleged any facts showing that he personally participated in any conduct violating chapter 93A. However, the complaint explicitly alleges that Botsivales told Adelphia that he would "blackball" it, preventing it from doing further business with Walgreens or CVS. It further alleges that Adelphia subsequently lost its successful business relationships with those companies. These factual allegations are sufficient to raise a plausible inference that Botsivales personally "blackballed" Adelphia, making him individually liable under chapter 93A.

For the foregoing reasons, Adelphia's motion for reconsideration (Docket # 25) is ALLOWED.

|     April 16, 2013     |     /s/Rya W. Zobel     |
|:---:|:---:|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |