UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ADELPHIA AGIOS DEMETRIOS, LLC,<br>    Plaintiff<br><br>v.<br><br>ARISTA DEVELOPMENT, LLC<br>    and<br>GREGORY BOTSIVALES<br>    and<br>HARRY BOTSIVALES<br>    and<br>SCOTT WEYMOUTH<br>    Defendants | Civil Action No. 1:12-CV-10486-RWZ |

**ADELPHIA AGIOS DEMETRIOS, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS**

*NOW COMES* the Plaintiff, Adelphia Agios Demetrios, LLC, by and through its counsel, Shaines & McEachern, P.A., and respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Counterclaims.[1]  In support of its Objection, the Plaintiff states as follows.

**I.    STANDARD OF REVIEW.**

Federal Rule of Civil Procedure 12(b)(6) permits defendants to assert by motion the defense that the plaintiff, or here, the counterclaimant, has "fail[ed] to state a claim upon which relief can be granted."  To survive a Motion to Dismiss, the counterclaim must make factual allegations sufficient to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Twombly's facial plausibility standard is not met unless the counterclaimant pleads "factual content that allows the court to draw the reasonable inference

---

[1] On April 26, 2013, Defendant Arista Development, LLC also filed a Third Party Complaint against John Grammas individually.  The undersigned anticipates that John Grammas will file a Motion to Dismiss within sixty (60) days of Defendant Arista's filing the Third Party Complaint.

1

that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "However, while a court 'deciding a motion to dismiss under Rule 12(b)(6) ... must take all well-pleaded facts as true ... it need not credit a complaint's 'bald assertions' or legal conclusions.'"  Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir.1993).

## II.   COUNT I'S FIRST GROUND SHOULD BE DISMISSED AS BARRED BY STATUTE OF LIMITATIONS.

Arista's counterclaim Count I (breach of contract) rests on two grounds.  First, Arista alleges Adelphia breached a 2004 contract (hereinafter "2004 MOU").  Second, it alleges that Adelphia breached a 2006 contract (hereinafter "2006 MOU").  The Court should dismiss the first ground as barred by the applicable statute of limitations.

### A.   Massachusetts' Statute of Limitations and Set-Off Provision for Certain Counterclaims.

Massachusetts law imposes a six-year statute of limitations on contract actions.  Mass. Gen Laws. ch. 260, § 2.  Statutes of limitation "shall apply to a counterclaim by the defendant." Mass. Gen Laws. ch. 260, § 36.  Under that statute, "[t]he time of such limitation shall be computed as if an action had been commenced therefor at the time the plaintiff's action was commenced."  The statute may not apply to "a counterclaim arising out of the same transaction or occurrence that is the subject matter of the plaintiff's claim," but only insofar as the counterclaim is for set-off (i.e., limited "to the extent of the plaintiff's claim.")  Id.  Accord Arthur D. Little Int'l, Inc. v. Dooyang Corp., 928 F. Supp. 1189, 1204 (D. Mass. 1996) (holding counterclaim arising out of same transaction or occurrence remains as set-off to damages).

  **B.** <u>Arista's First Ground is Barred by the Statute of Limitations.</u>

  The Court should dismiss Arista's first ground as barred by the applicable statute of limitations, codified at Mass. Gen Laws. ch. 260, § 36.  Arista's first ground is based on the allegations that: Adelphia, Grammas, and Arista entered into the 2004 MOU in September 2004 (counterclaim at ¶ 13); the 2004 MOU was terminated by letter dated December 15, 2004 (counterclaim at ¶ 16); and "[d]uring the brief three-month period after the 2004 MOU was executed and before it was terminated by Grammas and Adelphia in December 2004, Grammas and Adelphia failed to substantially meet their obligations under the 2004 MOU" (counterclaim at ¶ 17).  While Adelphia's First Amended Complaint mentions the 2004 MOU, Adelphia did not allege claims for breach of the 2004 MOU.  <u>See</u> First Amended Complaint, Count II (Breach of Contract), ECF no. 7-0.  Since Adelphia did not complain of a breach of the 2004 MOU, Arista's first ground does not "aris[e] out of the same transaction or occurrence that is the subject matter of the plaintiff's claim."  <u>See</u> Mass. Gen. Laws ch. 260, § 36.  Therefore, under ch. 260, § 36, the counterclaim must have been brought within six years.

  Even under the applicable standard review, the last complained-of act occurred in approximately December 2004.  Since Adelphia filed its Complaint on March 15, 2012, even if the counterclaim is deemed commenced at the time of Adelphia's complaint, more than six years elapsed from the last complained-of act and Arista's counterclaim's effective filing date.  Therefore, Arista's first ground should be dismissed as failing to state a claim upon which relief may be granted.

**III.** **COUNT II's FIRST GROUND SHOULD BE DISMISSED.**

  Arista's Counterclaim Count II rests on two grounds.  First, Arista alleges Adelphia committed acts related the 2004 MOU.  See Counterclaim at ¶ 47.  Second, it alleges that Adelphia committed acts prior to signing the 2006 MOU.

### A. Arista's First Ground Is Barred by the Applicable Statute of Limitations.

Arista's first ground, alleging acts related to the 2004 MOU, is barred by the applicable statute of limitations. As explained above, Adelphia did not lodge claims related to the 2004 MOU. Therefore, Mass. Gen. Laws ch. 260, § 36 applies the statute of limitations to the counterclaim, which did not aris[e] out of the same transaction or occurrence that is the subject matter of the plaintiff's claim. Since the first ground asserts acts occurring before signing the 2004 MOU, and the Plaintiff's Complaint was filed March 15, 2012, the first ground is barred by the applicable statute of limitations.

### IV. COUNTS III AND IV SHOULD BE DISMISSED BECAUSE ADELPHIA'S FIRST AMENDED COMPLAINT IS ABSOLUTELY PRIVILEGED.

The Court should dismiss Counterclaim Counts III and IV because the alleged publication is absolutely privileged. Massachusetts recognizes absolute privilege as a defense to claims. Robert L. Sullivan, D.D.S., P.C. v. Birmingham, 11 Mass. App. Ct. 359, 361, 416 N.E.2d 528, 530 (1981) (quoting Sriberg v. Raymond, 370 Mass. 105, 109, 345 N.E.2d 882 (1976)). "Absolute litigation privilege bars claims that are predicated upon statements made in connection with the initiation and prosecution of a lawsuit [. . . .]" Encompass Ins. Co. of MA v. Giampa, 522 F. Supp. 2d 300, 308 (D. Mass. 2007). See also Sriberg v. Raymond, 370 Mass. 105, 108, 345 N.E.2d 882, 883 (1976) ("We have hitherto held that statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding.").

Arista's counterclaim Counts III and IV rely in whole on statements made in Adelphia's First Amended Complaint. As those claims were made in the initiation and prosecution of Adelphia's claims, the First Amended Complaint is absolutely privileged. Arista has not, and cannot claim that Adelphia published the First Amended Complaint; Adelphia filed the First

4

Amended Complaint with this Court. Since Adelphia filed its absolutely privileged First Amended Complaint with only the Court, the Court should dismiss Counterclaim Counts III and IV.

## V. COUNT IV SHOULD BE DISMISSED BECAUSE MASSACHUSETTS LAW DOES NOT RECOGNIZE CIVIL EXTORTION CLAIMS AND ARISTA HAS NOT PLED ELEMENT OF MALICIOUS PROSECUTION.

Arista's Counterclaim Count IV rests on two grounds. First, Arista alleges a claim of extortion. Second, it alleges that Adelphia engaged in malicious prosecution. The Court should dismiss both claims for failing to state claims upon which relief may be granted.

### A.  Massachusetts Law Does Not Recognize a Civil Claim of Extortion.

The Court should dismiss the first ground of Counterclaim Count IV because such a claim does not exist under Massachusetts law. See Leventhal v. Dockser, 361 Mass. 894, 282 N.E.2d 680, 681 (1972) ("The counts described as being for 'extortion' and for 'coercion and duress' do not state facts supporting any recognized civil cause of action in this Commonwealth."). See also Kleinerman v. Hodge, 952639B, 1996 WL 1186891 (Mass. Super. June 21, 1996) ("Defendants argue, and rightfully so, that a claim of extortion cannot be maintained in a civil action."). Since Massachusetts does not recognize a civil claim of extortion, the Court should dismiss the first ground of Counterclaim Count IV.

### B.  Arista Has Not Met Elements of Malicious Prosecution.

The Court should dismiss the second ground of Counterclaim Count IV because the Counterclaim fails to meet the elements of malicious prosecution. "To prevail on a claim for malicious prosecution, a plaintiff must establish that he was damaged because the defendant commenced the original action without probable cause and with malice, and that the original action terminated in his favor." Chervin v. Travelers Ins. Co., 448 Mass. 95, 103, 858 N.E.2d 746, 753 (2006) (citing Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 260-61, 178 N.E.2d

5

485, 487 (1961). In the instant matter, Adelphia's case is still in litigation against the counterclaimant, so the counterclaimant cannot, as a matter of law, properly allege the last element of the tort.

### VI. COUNT V SHOULD BE DISMISSED BECAUSE AN ADEQUATE REMEDY EXISTS AT LAW.

The Court should dismiss Count V in its entirety because an adequate remedy exists at law for the counterclaimant. Fernandes v. Havkin, 731 F. Supp. 2d 103, 114 (D. Mass. 2010) ("A claim of unjust enrichment, however, is 'not available to a party with an adequate remedy at law.'") (quoting Ben Elfman & Son, Inc. v. Criterion Mills, Inc., 774 F.Supp. 683, 687 (D.Mass.1991)) (other citations omitted). "The disposition of those claims is irrelevant. Their mere availability is a bar to a claim of unjust enrichment." Fernandes, 731 F. Supp. 2d at 114 (citing Adrion v. Knight, 2009 WL 3152885, *1 n. 1 (D.Mass. Sept. 28, 2009)).

Since the basis of Counterclaim Count V is the alleged payment of moneys under the 2004 and 2006 MOU while Adelphia allegedly breached the same contracts, those claims sound in contract law, not in equitable relief. Since Arista has a legal claim available to it, the Court should dismiss Count V.

### VII. CONCLUSION

This Court should grant Adelphia's Motion to Dismiss Counterclaims.

                                              Respectfully submitted,

                                              ADELPHIA AGIOS DEMETRIOS, LLC

                                              By its attorneys,
                                              Shaines & McEachern, P.A.

Dated: May 16, 2013                      By: */s/ Robert A. Shaines*
                                              Robert A. Shaines, Esq. (#2308)
                                              282 Corporate Drive, #2
                                              Portsmouth, NH 03801
                                              (603) 436-3110

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Adelphia Agios Demetrios, LLC's Memorandum of Law in Support of Motion Dismiss Counterclaims*, filed through the ECF system, will be electronically served to: Julie Pruitt Barry, Esq. and Darah L. Schofield, Esq.

Dated:   May 16, 2013                                                  By: */s/ Robert A. Shaines*
                                                                                            Robert A. Shaines, Esq. (#2308)