UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )
ADELPHIA AGIOS DEMETRIOS, LLC,     )
          Plaintiff                                   )
                                                      )
v.                                                    )          Civil Action No. 1:12-CV-10486-RWZ
                                                      )
ARISTA DEVELOPMENT, LLC               )
          and                                         )
GREGORY BOTSIVALES                     )
          and                                         )
HARRY BOTSIVALES                        )
          and                                         )
SCOTT WEYMOUTH                         )
          Defendants                              )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS AND THIRD PARTY COMPLAINT

*NOW COME* Counterclaim Defendant, Adelphia Agios Demetrios, LLC, and Third Party Defendant, John Grammas, Individually, by and through their counsel, Shaines & McEachern, P.A., and respectfully submit this Memorandum of Law in Support of their Motions to Dismiss First Amended Counterclaims and Third Party Complaint.

## I.     INTRODUCTION.

This Memorandum explains first that the Court should dismiss all of Arista's claims against Grammas, individually, because Grammas was not a party to the relevant portions of the 2004 MOU, was not a party at all to the 2006 MOU, and did not file the complaint against Arista that is the basis of Arista's Counts III and IV. Thereafter, this Memorandum explains that Arista's counts should be dismissed as to any defendant. The first ground for Counts I (Breach of 2004 and 2006 MOUs") and II ("Fraud and Misrepresentation"), alleging acts surrounding the

1

2004 MOU, are time-barred by the statute of limitations; the second ground for Counts I and II, alleging acts surrounding the 2006 MOU, are limited to set-off against damages collected by Adelphia.   Count III ("Defamation") fails because Adelphia's filing the civil complaint is absolutely privileged.  Count IV ("Abuse of Process") fails because the suit was not filed for an improper purpose.  Count V ("Unjust Enrichment") fails because Arista has an adequate remedy at law.

## II.    STATEMENT OF BACKGROUND.

Arista alleges that its Counts I and II arise out of two transactions: a 2004 contract (hereinafter the "2004 MOU") and a 2006 contract (hereinafter the "2006 MOU"). [1]  The 2004 MOU, which was previously filed as an exhibit, ECF no. 41-1, only provides a signature line for Grammas to sign individually "AS TO PARAGRAPHS 6 AND 7 ONLY." (emphasis in original). The 2004 MOU's paragraphs 6 and 7 only relate to: 1) not bypassing Arista concerning properties Adelphia offers to Arista, once Adelphia offers the property to Arista; and 2) Adelphia's periodically submitting updates to Arista.  Arista's first ground of Count I is based on the allegations that: Adelphia, Grammas, and Arista entered into the 2004 MOU in September 2004 (Arista First Amend. Counterclaim at ¶ 13); the 2004 MOU was terminated by letter dated December 15, 2004 (Arista First Amend. Counterclaim at ¶ 16); and "[d]uring the brief three-month period after the 2004 MOU was executed and before it was terminated by Grammas and Adelphia in December 2004, Grammas and Adelphia failed to substantially meet their obligations under the 2004 MOU" (Arista First Amend. Counterclaim at ¶ 17).  Arista claims

---

[1] The Court may consider the 2004 MOU and 2006 MOU in deciding Adelphia and Grammas' Motion to Dismiss without converting to a Rule 56 Summary Judgment analysis because the documents are integral to or explicitly relied upon in the First Amended Counterclaim & Third Party Complaint.  See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (explaining when documents may be considered without converting to Rule 56 Motion for Summary Judgment) (citing, *inter alia*, Clorox Co. P.R. v. Proctor & Gamble Comm. Co., 228 F.3d 24, 32 (1st Cir.2000)).

that Adelphia and Grammas made representations before signing the 2004 MOU, made statements "in order to circumvent the terms of the 2004 [MOU] [. . . .]"; and made statements "in order to interfere with Arista's future business opportunities."   Arista First Amend. Counterclaim at ¶¶ 46-49.  Arista alleges that the 2004 MOU was terminated in December 2004 and the termination of the 2004 MOU initiated one-year post-termination period, which circumvented the intent of the 2004 MOU.  Id. at 22.  The First Amended Counterclaim demonstrates that Arista was on notice of its alleged injury more than six years before Adelphia filed its Complaint.

The 2006 MOU, which was previously filed, ECF no. 10-1, recites that the parties to the 2006 MOU are Arista and Adelphia.  This Court previously found that the 2006 MOU was a contract between Arista and Adelphia.  See Memorandum of Decision, ECF No. 23, at p. 5 (filed Mar. 12, 2013).

Arista's counterclaim Counts III and IV rely in whole on statements made in Adelphia's First Amended Complaint.  Adelphia alone, not Grammas, filed a civil complaint against Arista and others.  Arista acknowledges that Grammas is the Manager of Adelphia.  Arista First Amend. Counterclaim at ¶ 29.  Arista has not, and cannot claim that Adelphia published the First Amended Complaint in any way other than filing it with this Court.

## III.    STANDARD OF REVIEW.

Federal Rule of Civil Procedure 12(b)(6) permits defendants to assert by motion the defense that the plaintiff, or here, the counterclaimant and third party plaintiff, has "fail[ed] to state a claim upon which relief can be granted."   To survive a Motion to Dismiss, the counterclaim must make factual allegations sufficient to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Twombly's facial

plausibility standard is not met unless the counterclaimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "However, while a court 'deciding a motion to dismiss under Rule 12(b)(6) ... must take all well-pleaded facts as true ... it need not credit a complaint's 'bald assertions' or legal conclusions.'" Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir.1993).

## IV.   THE COURT SHOULD DISMISS ALL CLAIMS AGAINST GRAMMAS INDIVIDUALLY.

### A.   Counts I and II Should Be Dismissed as They Relate to the 2004 MOU Because Grammas Only Signed in His Individual Capacity as to Paragraphs 6 and 7.

The first ground for Count I—breach of the 2004 MOU—should be dismissed to the extent that it relies on obligations outside of paragraphs 6 and 7 of the MOU. The 2004 MOU, which was previously filed as an exhibit, ECF no. 41-1, only provides a signature line for Grammas to sign individually "AS TO PARAGRAPHS 6 AND 7 ONLY." (emphasis in original). Since all other provisions were only between Arista and Adelphia, Grammas cannot be held individually liable for Adelphia's contractual obligations.

The Court should dismiss Count II ("Fraud and Misrepresentation") as it relates to the 2004 contract because the alleged acts do not relate to paragraphs 6 or 7 of the MOU. The 2004 MOU's paragraphs 6 and 7 only relate to: 1) not bypassing Arista concerning properties Adelphia offers to Arista, once Adelphia offers the property to Arista; and 2) Adelphia's periodically submitting updates to Arista. The alleged fraudulent and/or misrepresentative acts do not relate to paragraphs 6 and 7 and therefore cannot be attributed to Grammas in his individual capacity.

**B.**     **All Other Counts Should Be Dismissed Because Grammas Was Not a Party to the 2006 MOU and Is Not the Complaining Party in the Adelphia v. Arista et al. Matter.**

The second ground for Counts I and II—breach of the 2006 MOU—should be dismissed because Grammas was not a party to the underlying contract.   The 2006 MOU, which was previously filed, ECF no. 10-1, recites that the parties to the 2006 MOU are Arista and Adelphia. This Court previously found that the 2006 MOU was a contract between Arista and Adelphia. See Memorandum of Decision, ECF No. 23, at p. 5 (filed Mar. 12, 2013).  As such, Grammas cannot be held individually liable for Adelphia's obligations.   To the extent that Arista baldly claims that Grammas acted in his individual capacity, such threadbare allegations fail to meet the pleading standard to state a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

The Court should dismiss Count II ("Fraud and Misrepresentation") as it relates to the 2006 MOU because Grammas was not a party to the 2006 MOU; and Counts III and IV, alleging "Defamation" and "Abuse of Process," because only Adelphia filed a Complaint against Arista. As explained above, Adelphia, not Grammas, was a party to the 2006 MOU.   Furthermore, Adelphia alone, not Grammas, filed a civil complaint against Arista and others.   Arista acknowledges that Grammas is the Manager of Adelphia.  Arista First Amend. Counterclaim at ¶ 29.  Since Grammas was not a party to the Complaint upon which Arista bases its allegations in Counts III and IV, Grammas is not individually liable for Adelphia's actions.   While Arista recites that Grammas acted in his individual capacity, the allegations are threadbare and fail to meet the pleading standard to state a claim.  See Iqbal, 556 U.S. 662.

Similarly, the Court should dismiss Count V as against Grammas, individually, because neither the 2004 MOU nor the 2006 MOU provided for payment to Grammas.  The introductory paragraph of the 2004 MOU identified Adelphia as the "Partner."  Paragraph 5 of the 2004 MOU

provided that the "Partner" would own 25% of single purpose entities created to hold title to each project; paragraph 9 provided that the "Partner" would be receive a preferred payment of $50,000.00 "as a fee to the Partner."  The 2006 MOU contains substantially similar provisions in its Paragraphs 5 and 9.  Since all payment obligations were to Adelphia, not Grammas, Arista cannot now allege that Arista paid Grammas under the 2004 or 2006 MOU.  <u>See</u> Arista First Amend. Counterclaim at ¶ 59.  Since Arista cannot properly allege unjust enrichment as to Grammas, the Court should dismiss Count V as against Grammas.[2]

## V.   THE FIRST GROUND OF COUNTS I & II SHOULD BE DISMISSED AS BARRED BY THE STATUTE OF LIMITATIONS.

Arista's Count I (breach of contract) rests on two grounds.  First, Arista alleges Adelphia breached a 2004 contract (hereinafter "2004 MOU").  Second, it alleges that Adelphia breached a 2006 contract (hereinafter "2006 MOU").  Arista's Count II (fraud and misrepresentation) rests on two grounds.  First, Arista alleges Adelphia committed acts related the 2004 MOU.  <u>See</u> Arista First Amend. Counterclaim at ¶ 47.  Second, it alleges that Adelphia committed acts prior to signing the 2006 MOU.  The Court should dismiss the first ground of each count as barred by the applicable statute of limitations.

### A.   <u>Massachusetts' Statute of Limitations and Set-Off Provision for Certain Counterclaims.</u>

Massachusetts law imposes a six-year statute of limitations on contract actions.  Mass. Gen Laws. ch. 260, § 2.  Statutes of limitation "shall apply to a counterclaim by the defendant." Mass. Gen Laws. ch. 260, § 36.  Under that statute, "[t]he time of such limitation shall be computed as if an action had been commenced therefor at the time the plaintiff's action was commenced."  The statute may not apply to "a counterclaim arising out of the same transaction

---

[2] The elements of unjust enrichment are discussed in further detail <u>infra</u>, at Part VIII.

or occurrence that is the subject matter of the plaintiff's claim," but only insofar as the counterclaim is for set-off (i.e., limited "to the extent of the plaintiff's claim.")   Id.   Accord Arthur D. Little Int'l, Inc. v. Dooyang Corp., 928 F. Supp. 1189, 1204 (D. Mass. 1996) (holding counterclaim arising out of same transaction or occurrence remains as set-off to damages).

> **B.**      **Arista's First Ground is Barred by the Statute of Limitations.**

The Court should dismiss Arista's first ground of Count I as barred by the applicable statute of limitations, codified at Mass. Gen Laws. ch. 260, § 36.  Arista's first ground of Count I is based on the allegations that: Adelphia, Grammas, and Arista entered into the 2004 MOU in September 2004 (Arista First Amend. Counterclaim at ¶ 13); the 2004 MOU was terminated by letter dated December 15, 2004 (id. at ¶ 16); and "[d]uring the brief three-month period after the 2004 MOU was executed and before it was terminated by Grammas and Adelphia in December 2004, Grammas and Adelphia failed to substantially meet their obligations under the 2004 MOU" (id. at ¶ 17).  While Adelphia's First Amended Complaint mentions the 2004 MOU, Adelphia did not allege claims for breach of the 2004 MOU.  See Adelphia's First Amended Complaint, Count II (Breach of Contract), ECF no. 7-0.  Since Adelphia did not complain of a breach of the 2004 MOU, Arista's first ground does not "aris[e] out of the same transaction or occurrence that is the subject matter of the plaintiff's claim."  See Mass. Gen. Laws ch. 260, § 36.  Therefore, under ch. 260, § 36, Arista's was required to bring its claim six years but failed to do so.

The Court should similarly dismiss Arista's first ground of Count II as barred by the statute of limitations.  Arista claims that Adelphia and Grammas made representations before signing the 2004 MOU, made statements "in order to circumvent the terms of the 2004 [MOU] [. . . .]"; and made statements "in order to interfere with Arista's future business opportunities."

Arista First Amend. Counterclaim at ¶¶ 46-49.  Arista alleges that the 2004 MOU was terminated in December 2004 and the termination of the 2004 MOU initiated one-year post-termination period, which circumvented the intent of the 2004 MOU.  Id. at ¶ 22.  The alleged harm, if any, occurred in late 2004.

Since Adelphia filed its Complaint against Arista on March 15, 2012, even if the counterclaim is deemed commenced at the time of Adelphia's complaint, more than six years elapsed from the last complained-of act and Arista's counterclaim's effective filing date. Therefore, Arista's first ground of Count I should be dismissed as failing to state a claim upon which relief may be granted.

### C.   The Discovery Rule Does Not Cure the Statute of Limitations Defense.

The discovery rule, or equitable tolling, does not save Arista's Count I or II.  Unlike in other jurisdictions, where a cause of action does not accrue until the plaintiff is on notice of all counts of a claim, all a plaintiff need notice is knowledge of harm by the defendant's conduct. Sheila S. v. Com., 57 Mass. App. Ct. 423, 428, 783 N.E.2d 868, 874 (2003) (citing Krasnow v. Allen, 29 Mass.App.Ct. at 569, 562 N.E.2d 1375; Bowen v. Eli Lilly & Co., 408 Mass. at 206, 557 N.E.2d 739).  Once the potential litigant is on such notice, "the potential litigant has the duty to discover from the legal, scientific, and medical communities whether the theory of causation is supportable and whether it supports a legal claim."  Sheila S., 57 Mass. App. Ct. at 428 (quoting Fidler v. Eastman Kodak Co., 714 F.2d 192, 199 (1st Cir.1983).

Arista's First Amended Counterclaim demonstrates that Arista was on notice of its alleged injury more than six years before Adelphia filed its Complaint.  Arista's notice of harm is demonstrated in the following paragraph of its First Amended Counterclaim:

> 23.    Sometime after Grammas terminated the 2004 MOU, Grammas again contacted representatives of Arista and ultimately convinced them to meet

> with him, in spite of his and Adelphia's previous failure to substantially meet their obligations under the 2004 MOU and continuing obligations after the terminations, by making specific representations [. . . .]

Since Arista claims that it knew of an alleged harm such that Arista claims it had to be convinced to re-engage in business dealings, Arista's duty to discover had been triggered before the execution of the 2006 MOU.  Arista's Count I cannot be saved by the discovery rule.

## VI.   COUNTS III AND IV SHOULD BE DISMISSED BECAUSE ADELPHIA'S FIRST AMENDED COMPLAINT IS ABSOLUTELY PRIVILEGED.

The Court should dismiss Counterclaim Counts III and IV because the alleged publication is absolutely privileged.  Massachusetts recognizes absolute privilege as a defense to claims.  Robert L. Sullivan, D.D.S., P.C. v. Birmingham, 11 Mass. App. Ct. 359, 361, 416 N.E.2d 528, 530 (1981) (quoting Sriberg v. Raymond, 370 Mass. 105, 109, 345 N.E.2d 882 (1976)).  "Absolute litigation privilege bars claims that are predicated upon statements made in connection with the initiation and prosecution of a lawsuit [. . . .]"  Encompass Ins. Co. of MA v. Giampa, 522 F. Supp. 2d 300, 308 (D. Mass. 2007).  See also Sriberg v. Raymond, 370 Mass. 105, 108, 345 N.E.2d 882, 883 (1976) ("We have hitherto held that statements by a party, counsel or witness in the institution of, or during the course of, a judicial proceeding are absolutely privileged provided such statements relate to that proceeding.").

Arista's Counterclaim Counts III and IV rely in whole on statements made in Adelphia's First Amended Complaint.  As those claims were made in the initiation and prosecution of Adelphia's claims, the First Amended Complaint is absolutely privileged.  Arista has not, and cannot claim that Adelphia published the First Amended Complaint in any way other than filing it with this Court.  Since Adelphia filed its absolutely privileged First Amended Complaint with only the Court, the Court should dismiss Counterclaim Counts III and IV.

**VII.   COUNT IV SHOULD BE DISMISSED BECAUSE ADELPHIA'S COMPLAINT WAS FILED TO OBTAIN RELIEF.**

The Court should dismiss Arista's Count IV because Arista has not adequately pled an improper purpose in Adelphia's filing its action.  "Abuse of process presupposes the use of legal action for an ulterior purpose, i.e., to achieve some end other than the apparent end of the litigation process which has been launched."  Franco v. Mudford, 2002 Mass. App. Div. 63 (Dist. Ct. 2002) aff'd, 60 Mass. App. Ct. 1112, 802 N.E.2d 129 (2004) (quoting Silvia v. Building Inspector of West Bridgewater, 35 Mass.App.Ct. 451, 453, 621 N.E.2d 686 (1993)).  "[A]buse of process constitutes the use of legal process improperly, and for a purpose for which it was not intended, Smith v. Steeves, 20 Mass.App. Dec. 171 (1961), or the improper use of process after it has been issued."  Franco, 2000 Mass. App. Div. 63 (citing Malone v. Belcher, 216 Mass. 209, 103 N.E. 637 (1913)).

Arista alleges that "Grammas and Adelphia caused this complaint to be field for the purpose of publishing, vicious, false and defamatory remarks about Arista and its representatives in order to interfere with its advantageous business relationship to try to obtain an undue advantage by which it would extort and otherwise seek payment from Arista."  Arista First Amend. Counterclaim at ¶ 56.  Excepting the conclusory allegations, the crux of Arista's abuse of process claim is that Adelphia filed a complaint for damages to be paid by Arista.  Since filing a civil complaint for damages is the intended purpose of the civil process, Arista has not alleged a cause of action for abuse of process, and Count IV should be dismissed.

**VIII.   COUNT V SHOULD BE DISMISSED BECAUSE AN ADEQUATE REMEDY EXISTS AT LAW.**

The Court should dismiss Count V in its entirety because an adequate remedy exists at law for the counterclaimant.  There are five elements to a claim for unjust enrichment: "(1) an

enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." Watkins v. Omni Life Sci., Inc., 692 F. Supp. 2d 170, 179 (D. Mass. 2010) (quoting LaSalle Nat'l Bank v. Perelman, 82 F.Supp.2d 279, 294-295 (D.Del.2000)).

The availability of a legal remedy bars meeting the fifth element of unjust enrichment. Fernandes v. Havkin, 731 F. Supp. 2d 103, 114 (D. Mass. 2010) ("A claim of unjust enrichment, however, is 'not available to a party with an adequate remedy at law.'") (quoting Ben Elfman & Son, Inc. v. Criterion Mills, Inc., 774 F.Supp. 683, 687 (D.Mass.1991)) (other citations omitted). "The disposition of those claims is irrelevant.  Their mere availability is a bar to a claim of unjust enrichment." Fernandes, 731 F. Supp. 2d at 114 (citing Adrion v. Knight, 2009 WL 3152885, *1 n. 1 (D.Mass. Sept. 28, 2009)).

Since the basis of Counterclaim Count V is the alleged payment of moneys under contracts—the 2004 and 2006 MOUs—while Adelphia allegedly breached the same contracts, those claims sound in contract law, not in equitable relief.  Since Arista has a legal claim available to it, Arista cannot properly plead the fifth element of unjust enrichment and the Court should dismiss Count V.

## IX.   CONCLUSION

The Court should grant Adelphia and Grammas' Motions to Dismiss First Amended Counterclaims and Third Party Complaint.

Respectfully submitted,

ADELPHIA AGIOS DEMETRIOS, LLC
and JOHN GRAMMAS, Individually

By their attorneys,

11

Shaines & McEachern, P.A.

Dated:   June 11, 2013                    By:  _/s/ Robert A. Shaines_____
                                               Robert A. Shaines, Esq. (#2308)
                                               282 Corporate Drive, #2
                                               Portsmouth, NH 03801
                                               (603) 436-3110


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Memorandum of Law in Support of Motions Dismiss*, filed through the ECF system, will be electronically served to:  Julie Pruitt Barry, Esq. and Darah L. Schofield, Esq.

Dated:   June 11, 2013                    By: _/s/ Robert A. Shaines_____
                                               Robert A. Shaines, Esq. (#2308)