UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                       )
ADELPHIA AGIOS DEMETRIOS, LLC,         )
      Plaintiff                        )
                                       )
v.                                     )    Civil Action No. 1:12-CV-10486-RWZ
                                       )
ARISTA DEVELOPMENT, LLC, et al.        )
      Defendants                       )
_____)
```

## ADELPHIA AGIOS DEMETRIOS, LLC, AND JOHN GRAMMAS' MEMORANDUM IN SUPPORT OF THEIR SPECIAL MOTION TO DISMISS

*NOW COME* the Counterclaim Defendant, Adelphia Agios Demetrios, LLC ("Adelphia"), and Third Party Defendant, John Grammas, individually ("Grammas"), by and through their counsel, Shaines & McEachern, P.A., and respectfully submit this Memorandum in Support of their Special Motion to Dismiss Counts III and IV of Arista Development, LLC's ("Arista") First Amended Counterclaims/Third Party Claims, ECF No. 40-1.[1] In support of their Special Motion, Adelphia and Grammas state as follows:

**I.  STATEMENT OF MATERIAL FACTS.**

On March 15, 2012, Adelphia filed a Complaint against Arista Development, LLC, and its managers/members, ECF No. 1. The Complaint, later amended as Adelphia's First Amended Complaint, ECF No. 7, allege causes of action sounding as breach of contract, fraud, and violations of Massachusetts' Consumer Protection Statute. The causes of action were alleged

---

[1] The movants anticipate that the Court will rule that Arista's original Counterclaims/Third Party Complaint, ECF No. 35, was rendered moot when Arista filed its First Amended Counterclaims/Third Party Complaint, ECF No. 40. See Connectv LLC v. Zuckerberg, 347 F.3d 82, 91 (1st Cir. 2008). Should the Court not make such a ruling, the movants also seek special dismissal of Counts III and IV of the original Counterclaims/Third Party Complaint, ECF No. 35.

1

based on business interactions between Adelphia and Arista, and subsequent actions by at least one of Arista's members/managers.

Adelphia petitioned this Court to hold a jury trial to determine liability and damages for claims arising out of the business relationship. See Original Complaint at ECF No. 1; First Amended Complaint at ECF No. 7. Arista subsequently filed an Answer, Counterclaims, and Third Party Complaint, ECF No. 35 ("Arista's Original Counterclaims/Third Party Complaint"). Count III of Arista's Counterclaims/Third Party Complaint alleged "Defamation" against Adelphia and Grammas, individually; Count IV alleged "Extortion and Malicious Prosecution" against Adelphia and Grammas, individually. Arista later filed a First Amended Counterclaims/Third Party Complaint, changing Count IV's title to "Abuse of Process." Counts III and IV of the Original and First Amended Counterclaims/Third Party Complaint rely solely on Adelphia's petitioning the Court by filing its Original and First Amended Complaint. Arista alleges Counts III and IV against Grammas, individually, even though Adelphia was the only named Plaintiff in the underlying Complaint and First Amended Complaint.

Previously, Grammas, in his individual capacity, filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) Counts III and IV of Arista's First Amended Counterclaims/Third party Complaint on various grounds, including the ground that Grammas, individually, did not file the Complaint that is the basis of Arista's Counts III and IV. Adelphia and Grammas' Mot. To Dismiss, ECF No. 37. Should the Court deny Grammas' Motion to Dismiss, the Court should grant this Special Motion to Dismiss on the basis that, if the Court deems Grammas to have participated in Adelphia's filing its Complaint and First Amended Complaint, the filings constitute exercises of the right of petition falling under the protection of Mass. Gen. Laws ch. 231, § 59H.

## II. STATEMENT OF LAW

### 1. <u>Scope and Application.</u>

Mass. Gen. Laws ch. 231, § 59H (hereinafter "ch. 231" or "Chapter 231") permits a party to file a special motion to dismiss lawsuits, such as counterclaims and third party complaints, based on the party's "exercise of its right of petition under the constitution of the United States or of the commonwealth." Mass. Gen. Laws ch. 231, § 59H. The Massachusetts General Court explained its intent to protect "full participation by persons and organizations and robust discussion of issues before legislative, judicial and administrative bodies and in other public fora [as being] essential to the democratic process." <u>Duracraft Corp. v. Holmes Prods. Corp</u>, 427 Mass. 156, 161, 691 N.E2d 935 (1998) (quoting 1994 House Doc. No. 1520). The Legislature sought to address an "increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and redress for the redress of grievances" by providing the procedural remedy codified in Chapter 231. <u>Id.</u> (quoting 1994 House Doc. No. 1520).

Chapter 231 is expansive, with broader applicability than other states' anti-SLAPP statutes: it applies to civil matters between private parties. <u>See</u> <u>Duracraft</u>, 427 Mass. at 164 ("Accordingly, we agree with the Appeals Court that it is inappropriate for a judge to 'reinsert the rejected condition that the moving party's activity must involve a matter of public concern.'") (citations omitted). <u>See also</u> <u>Office One, Inc. v. Lopez</u>, 437 Mass. 113, 122, 769 N.E2d 749 (2002) (reiterating that challenged activity need not be motivated by matter of public concern).

Special motions to dismiss are properly brought when the non-movant's claims are based solely on petitioning activities. <u>Duracraft</u>, 427 Mass. at 167. A non-movant who alleges ulterior motives behind the movant's petitioning activities fails to show that his claims are not solely

based on protected petitioning activities. Fabre v. Walton, 436 Mass. 517, 524, 781 N.E.2d 780 (2002) ("Notwithstanding [the non-movant]'s allegations concerning the motive behind [the movant]'s conduct, the fact remains that the *only* conduct complained of is [the movant]'s petitioning activity.") (bracketed modifications added) (emphasis in original).

   2. **Standard of Review and Burdens of Proof.**

There are two stages to deciding a Special Motion to Dismiss pursuant to Chapter 231. First, the movant(s) must make a threshold showing that the non-movant's claim(s) is based on the movant's exercise of its right to petition. Mass. Gen. Laws ch. 231, § 59H. A party exercises its right of petition by making "any written or oral statement made before or submitted to a [. . .] judicial body." Id. In deciding the special motion to dismiss, the Court may consider the motion, affidavits, and pleadings. Once the moving party makes the threshold showing, the non-movant must show, by a preponderance of the evidence, that: 1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law, and 2) the moving party's acts caused actual injury to the responding party. Id. See also Duracraft, 427 Mass. at 168.

**III. THE COURT SHOULD DISMISS COUNTS III & IV OF ARISTA'S ORIGINAL AND FIRST AMENDED COUNTERCLAIM/THIRD PARTY COMPLIANT BECAUSE THEY ARE SOLELY BASED ON PETITIONING ACTIVITY.**

The Court should grant Adelphia and Grammas' Special Motion to Dismiss because Arista's Counterclaim/Third Party Complaint Counts III and IV are based solely on petitioning activity protected by Chapter 231 and the Counts were designed "to chill the valid exercise of the constitutional rights of freedom of speech and redress for the redress of grievances." See Duracraft, 427 Mass. at 161 (quoting 1994 House Doc. No. 1520).

1. **Arista's Counts III And IV Are Based Solely On Adelphia's Petitioning Activities.**

Counts III and IV Arista's Counterclaims/Third Party Complaint are solely based on petition activities protected by Chapter 231. Count III alleges that all statements giving rise to Arista's cause of action were made in Adelphia's First Amended Complaint. See Arista's First Amended Counterclaims at ¶ 52. Similarly, Count IV makes allegations concerning Adelphia's filing its Complaint. See id. at ¶ 56-57.

2. **Adelphia's Petition Activities are Protected by ch. 231, § 59H.**

Adelphia's petitioning activities are protected by Chapter 231. Adelphia's Complaint and First Amended Complaint allege causes of action based upon a business relationship between Adelphia and Arista, in addition to actions taken by at least one of Arista's members/managers. Adelphia and Arista formed a contractual relationship based upon a 2006 Memorandum of Understanding. Grammas Aff. at ¶ 6. Adelphia's Complaint and First Amended Complaint allege actions that occurred in the context of the contractual and business relationships between Adelphia and Arista, as well as actions taken by Adelphia and at least one of its managers/members that related to the business relationship. See Generally, Adelphia's First Amended Complaint, ECF No. 7; Adelphia's Original Complaint, ECF No. 1. Adelphia's complaint was based on conversations, writings, and actions observed by its manager, who would testify to the facts Adelphia alleged in its Original and First Amended Complaint. Grammas Aff. at ¶¶ 8, 10. Adelphia's purpose in filing the suit was to hold a jury trial on the claims to determine liability and damages. Id. at ¶¶ 8-9.

Adelphia's filing its Complaint and First Amended Complaint constitute exercises of the right of petition because the Complaint was a written statement submitted to a judicial body. See

Mass. Gen. Laws ch. 231, § 59H ("the words 'a party's exercise of its right to petition' shall mean any written or oral statement before or submitted to a [. . .] judicial body.") (bracketed omission added). While Adelphia's Complaint and First Amended Complaint involve private matters, Chapter 231's broad application protects against such a right to petition. See Duracraft, 427 Mass. at 164.

3. **Arista Cannot Meet Its Burden Under Chapter 231.**

Since Adelphia has demonstrated that Counts III and IV of Arista's Original and First Amended Counterclaims/Third Party Complaint are solely based upon protected petitioning activity, the burden of proof shifts to Arista to present facts showing the absence of reasonable factual support or arguable basis in law, and injury. Adelphia and Grammas contend that Arista cannot make such a showing, particularly since Adelphia's Manager can testify to the facts alleged in Adelphia's Original and First Amended Complaint. See Grammas Aff. at ¶ 10. The 2006 MOU was previously filed with this Court, ECF No. 10-1. To the extent that Arista alleges or argues ulterior motives in Adelphia's petitioning activity, arguing motive alone does not meet the non-movant's burden under Chapter 231. See Fabre, 436 Mass. at 524 (discussed above).

4. **Should Court Grant Special Motion to Dismiss, the Court Should Also Award Attorneys Fees.**

Should the Court grant Adelphia and Grammas' Special Motion to Dismiss, an award of attorney's fees and costs to the movants is authorized by Mass. Gen. Laws. 231, § 59H(c). The award of attorney's fees is mandatory where the anti-SLAPP motion to dismiss is allowed. MacDonald v. Paton, 57 Mass. App. Ct. 290, 296, 782 N.E.2d 1089 (2003).Should the Court grant Adelphia and Grammas' Special Motion to Dismiss, the Court should order Adelphia and Grammas' counsel to submit an affidavit setting forth its reasonable attorney's fees and costs.

## IV. CONCLUSION

Chapter 231 protects parties who exercise their right to petition. The Massachusetts General Court intended to broadly protect the right to petition by providing a procedural mechanism to efficiently dismiss claims brought primarily to chill the valid exercise of the right to petition. Adelphia filed its claim based on personal knowledge, with the sole purpose of seeking a jury trial to determine liability and damages for claims it reasonably perceived and alleged. Counts III and IV were solely based on Adelphia's exercising its right to petition; their filing a complaint against Grammas, individually, further demonstrates the intent to discourage Adelphia from seeking a trial of its claims. The Court should therefore grant Adelphia and Grammas' Special Motion to Dismiss.

Respectfully submitted,

ADELPHIA AGIOS DEMETRIOS, LLC and JOHN GRAMMAS

By their attorneys,
Shaines & McEachern, P.A.

Dated: June 25, 2013

By: */s/ Robert A. Shaines*
Robert A. Shaines, Esq. (BBO# 453100)
282 Corporate Drive, #2
Portsmouth, NH 03801
(603) 436-3110
rshaines@shaines.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Adelphia Agios Demetrios, LLC and John Grammas' Memorandum in Support of Their Special Motion To Dismiss Certain Counterclaims & Third Party Claims Pursuant to Mass. Gen Laws Ch. 231, § 59H*, filed through the ECF system, will be electronically served to: Julie Pruitt Barry, Esq. and Darah L. Schofield, Esq.

Dated: June 25, 2013

By: */s/ Robert A. Shaines*
Robert A. Shaines, Esq. (BBO# 453100)