UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ADELPHIA AGIOS DEMETRIOS, LLC,      )
        Plaintiff                   )
                                    )
v.                                  )        Civil Action No. 1:12-CV-10486-RWZ
                                    )
ARISTA DEVELOPMENT, LLC, et al.     )
        Defendants                  )
_____)

**REPLY MEMORANDUM OF ADELPHIA AGIOS DEMETRIOS, LLC AND JOHN
GRAMMAS TO OPPOSITION OF ARISTA DEVELOPMENT, LLC TO SPECIAL
MOTION TO DISMISS CERTAIN COUNTERCLAIMS**

NOW COME the Counterclaim Defendant, Adelphia Agios Demetrios, LLC
("Adelphia"), and Third Party Defendant, John Grammas, individually ("Grammas"), by and
through their counsel, Shaines & McEachern, P.A., and respectfully submit this Reply
Memorandum to the Opposition of Arista Development, LLC to Special Motion to Dismiss
Counts III and IV of Arista Development, LLC's ("Arista") First Amended Counterclaims/Third
Party Claims, ECF No. 51-1. Adelphia and Grammas respectfully state as follows:

I.      **INTRODUCTION.**

        The argument Arista asserts in its Opposition fails as a matter of law because a First
Circuit Court of Appeals decision upheld application of a nearly identical Anti-SLAPP statute.
See generally Godin v. Schencks, 629 F.3d 79 (2010). In Godin, the First Circuit held that the
Federal District Court for the District of Maine did not err in applying Maine's Anti-SLAPP
Statute; the First Circuit also explained a revised analysis for determining whether to apply state
statutes that possess both procedural and substantive qualities. Id. at 92 (holding trial court did
not err); id. at 85-87 (explaining revised analysis).

1

In its Opposition, Arista cites District of Massachusetts cases, all of which predate the First Circuit's Godin decision.  See Arista's Opp. to Mot. to Dismiss at pp. 1-2 (citing Stuborn Ltd P'ship v. Bernstein, 245 F. Supp. 2d 312, 315-16 (D. Mass. 2003); Baker v. Coxe, 940 F. Supp. 409 (D. Mass. 1996) aff'd, 230 F.3d 470 (1st Cir. 2000); Turkowitz v. Town of Provincetown, 2010 WL 5583119 (D. Mass. Dec. 1, 2010); S. Middlesex Opportunity Council, Inc. v. Town of Framingham, 2008 WL 4595369 (D. Mass. Sept. 30, 2008)).  This Reply Memorandum explains the First Circuit's revised analytical framework.  Using that framework, the Court should hold that the Massachusetts Anti-SLAPP statute applies to state law claims filed in federal court.

## II.   GODIN'S TWO-PART "SUFFICIENTLY BROAD" AND ERIE DOCTRINE TEST TO APPLY STATE LAW.

In Godin, the First Circuit explained that "a federal court sitting in diversity jurisdiction applies the state's substantive law and the federal procedural rules."  Id. at 85 (citations omitted).  However, the "line between substance and procedure" is not clear.  Id. at 86 (citing United States v. Poland, 562 F.3d 35, 40 (1st Cir. 2009).

The Godin Court relied on a 2010 Supreme Court case in explaining its two-step analysis to determine whether to apply state law to a federal case when the state law possesses both procedural and substantive qualities.  See Godin, 629 F.3d at 86 (citing Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 130 S.Ct. 1431, 1450, 176 L.Ed.2d 311 (2010)).  As a threshold issue, courts no longer determine whether there is a "direct conflict" between the state law and federal rule, but instead must determine "the relationship between a Federal Rule of Procedure and the state law [. . . .] ask[ing] if the federal rule is 'sufficiently broad to control the issue before the court.'"  Godin, 629 F.3d at 86 (quoting Shady Grove, 130 S.Ct. at 1451 (Stevens, J., concurring) (other citations omitted) (bracketed language and omissions added)).  If

the federal rule is sufficiently broad to control the issue before the court, the federal rule is given

effect, "so long as the rule complies with the Rules Enabling Act, 28 U.S.C. § 2072.'"  Godin,

629 F.3d at 86 (citations omitted).  This Memorandum terms this analytical step the "Sufficiently

Broad Test"

Even if the federal rule is not sufficiently broad to control the issue, courts may still

decline to apply state law if declining "would better advance the dual aims of Erie:

'discouragement of forum-shopping and avoidance of inequitable administration of the laws.'"

Godin, 629 F.3d at 86-87 (citing Hanna v. Plumer, 380 U.S. 460, 468, 85 S.Ct. 1138) (other

citations omitted).  This Memorandum refers to this as the "Erie Test."

## III.    THE FIRST CIRCUIT UPHELD FEDERAL COURT APPLICATION OF MAINE'S ANTI-SLAPP STATUTE.

In Godin, the First Circuit held that the Federal District Court for the District of Maine

did not err in applying Maine's Anti-SLAPP Statute.  Id. at 92 (holding trial court did not err).

The Court noted that "[t]he two federal appellate courts that have addressed whether they must

enforce these state anti-SLAPP statutes in federal proceedings have concluded that they must."

Id. at 81 (citing Henry v. Lake Charles Am. Press, LLC, 566 F.3d 164 (5th Cir. 2009); United

States ex rel. Newsham v. Lockheed Missiles & Space Co., 190 F.3d 963 (9th Cir. 1999).

The Godin Court applied the Sufficiently Broad Test and held that neither Federal Rule

of Civil Procedure 12(b)(6) nor Rule 56 is so broad as to cover the issues within the scope of the

Maine Anti-SLAPP Statute.  Godin, 629 F.3d at 88.  The Court held that the Anti-SLAPP Statute

"does not seek to displace the Federal Rules or have Rules 12(b)(6) and 56 cease to function." Id.

(citations omitted).  Rather, Maine has both the Anti-SLAPP statute and state procedural rules

that are the equivalent of Fed. R. Civ. P. 12(b)(6) and 56, which "supports the view that Maine

has not created a substitute to the Federal Rules, but instead created a supplemental and

substantive rule to provide added protections, beyond those in Rules 12 and 56, to defendants who are named as parties because of constitutional petitioning activities." Id.

The Godin Court explained that the Anti-SLAPP statute was a different mechanism than Federal Rules 12 or 56 because it provided for relief on entirely different bases  Godin, 629 F.3d at 89.  While Rule 12(b)(6) tests the sufficiency of a complaint, the Anti-SLAPP statute:

> provides a mechanism for a defendant to move to dismiss a claim on an entirely different basis; that the claims in question rest on the defendant's protected petitioning conduct and that the plaintiff cannot meet the special rules Maine has created to protect such petitioning activity.

Id. at 89.  Similarly, while Rule 56 provides for pre-trial judgment when there are no disputed material issues of fact, the Anti-SLAPP Statute "serves the entirely distinct function of protecting those specific defendants that have been targeted with litigation on the basis of their protected speech." Id.  The First Circuit posited that "the similarities between [the Maine Anti-SLAPP statute] and Rules 12 and 56 as mechanisms to efficiently dispose with meritless claims before trial occurs does not resolve the issue.  Such an abstracted framing of the breadth of the Federal Rules is inappropriate." Godin, 629 F.3d at n. 16.

The First Circuit also held that the burden shift in Maine's Anti-SLAPP statute was substantive, not procedural. Id. at 89 (citing Palmer v. Hoffman, 318 U.S. 109, 117, 63 S.Ct. 477, 87 L.Ed. 645 (1943); Am. Title Ins. Co. v. E.W. Fin. Corp., 959 F.2d 345, 348 (1st Cir. 1992)).  The Court explained that "it is not the province of either Rule 12 or Rule 56 to supply substantive defenses or the elements of plaintiffs' proof to causes of action, either state or federal." Id.

The Godin Court also conducted the Erie Test and held that applying the Anti-SLAPP statute "would best serve the 'twin aims of the Erie rule: discouragement of forum shopping and inequitable administration of the laws.'" Godin, 629 F.3d at 91 (quoting Commercial Union Ins.

Co. v. Walbrook Ins. Co., 41 F.3d 764, 773 (1st Cir. 1994) (other citations omitted)).  The Court explained that, if federal courts did not apply the Anti-SLAPP statute, the result would be "an inequitable administration of justice between a defense asserted in state court and the same defense asserted in federal court."  Id. at 92 (citing Commercial Union Ins. Co., 41 F.3d at 773). Furthermore, not applying the Anti-SLAPP statute would encourage forum shopping.  Id.

## IV.  USING THE GODIN ANALYTICAL FRAMEWORK, THE COURT SHOULD APPLY THE MASSACHUSETTS ANTI-SLAPP STATUTE.

The Court should use Godin's new analytical framework—and the substantial similarity between the Maine and Massachusetts Anti-SLAPP statutes—to apply the Anti-SLAPP statute to this case.   The Maine and Massachusetts Anti-SLAPP statutes are substantially similar. Compare 14 Maine Rev. Stat. Ann. § 556[1] with Mass. Gen. Laws c. 231, § 59H.  The language of the statutes is nearly identical; one substantive difference is that the award of attorney's fees to a successful movant under the Anti-SLAPP statute is discretionary in Maine but mandatory in Massachusetts.

Similarly, Massachusetts has procedural rules similar to Federal Rules of Civil Procedure 12(b)(6) and 56, which demonstrates that  the Massachusetts Anti-SLAPP Statute was intended as a separate type of relief designed to coexist with Rules 12(b)(6) and 56.  Compare Mass. R. Civ. P. 12 and Mass. R. Civ. P. 56 with Fed. R. Civ. P. 12 and Fed. R. Civ. P. 56.

Additionally, as the Godin Court noted, the Erie Test encourages application of the Anti-SLAPP statute because it would result in equal administration of the laws between state and federal courts and would additionally discourage forum shopping.  Not applying the Anti-SLAPP statute would result in disparate results in state versus federal court.

---

[1] Since Maine's Anti-SLAPP statute is extra-jurisdictional, a copy of the statute is annexed hereto as **EXHIBIT A**.

## V.      CONCLUSION.

Under the revised analytical framework, the First Circuit upheld the application of a nearly identical Anti-SLAPP statute.  The First Circuit now tests whether the state and federal statutes or rules are substantially similar; the <u>Godin</u> Court held that an Anti-SLAPP statute is different from and coexists with Rules 12 and 56.  Applying the Anti-SLAPP statute would also discourage forum shopping and would encourage equal administration of the laws, which the <u>Erie</u> Test favors.  Therefore, the Court should apply the Anti-SLAPP statute and grant Adelphia and Grammas' Special Motion to Dismiss, ECF no. 47-0.

Respectfully submitted,

ADELPHIA  AGIOS  DEMETRIOS,  LLC and JOHN GRAMMAS

By their attorneys,
Shaines & McEachern, P.A.

Dated:   July 24, 2013                           By: _/s/ Robert A. Shaines_____
                                                     Robert A. Shaines, Esq. (BBO# 453100)
                                                     282 Corporate Drive, #2
                                                     Portsmouth, NH 03801
                                                     (603) 436-3110
                                                     rshaines@shaines.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing, filed through the ECF system, will be electronically served to:  Julie Pruitt Barry, Esq.

Dated:   July 24, 2013                           By: _/s/ Robert A. Shaines_____
                                                     Robert A. Shaines, Esq. (BBO# 453100)